IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3075 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KENNETH SLOMINSKI and | ) | |
| HAROLD TITUS SWAN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon the January 29, 2007 Report, Recommendation, and Order (filing 49, the "Order"). Defendant Harold Titus Swan ("Swan") has appealed two portions of the Order: (1) the denial of his motion to compel production of specified exculpatory material and (2) the denial of his motion for a bill of particulars. In addition, Swan objects to those portions of the Order which recommend that I deny his motion to dismiss and that I grant the government's motion to strike evidence submitted by Swan to support his motion to dismiss.

*The Appeals*

Upon careful review, conducted pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and NECivR 72.2, I find that the portions of the Order appealed by Swan are not "clearly erroneous or contrary to law" and will deny the appeals. I will briefly explain.

As to the motion for a bill of particulars, even assuming that Judge Piester is in error regarding the applicability of NECrimR 12.3(b)(3) , which literally pertains only to discovery-related matters, the 35-page indictment is sufficiently clear and precise such that the Bill of Particulars is unnecessary and unwarranted. This is

particularly true given the fact that the government has disclosed all FBI 302 reports, OCC reports, and other documentary evidence, totaling three to four boxes of material.  United States v. Hernandez, 299 F.3d 984, 988 (8th Cir. 2002) (purpose of bill of particulars is to inform the defendant of the charges against him with enough precision to enable the defendant to prepare for trial and to avoid or minimize surprise at trial), cert. denied, 537 U.S. 1134 (2003); United States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993) (affirming denial of motion for bill of particulars because the indictment sufficiently informed the defendant of the nature of the charges against him, particularly since a "district court has broad discretion in granting or denying a bill of particulars.")

The Order also denied Swan's motion to compel production of six items of exculpatory material he believes exists.  Simply put, I agree with Judge Piester that the government has already provided all exculpatory material now in existence and find that Judge Piester has made appropriate provision for the government to provide any exculpatory material that is later developed.  (Filing 49 at 18 ("[I]f FBI Form 302 reports relevant to the charges against Swan are created in the future, the government shall promptly provide these documents to the defendant."; Id. at 18-19 ("[T]he government's responsibility to produce Brady and Giglio material is ongoing.  If any oral or written deals, agreements or understandings are later made with any government witness, the government shall promptly provide this information to the defendant.").)

*Objection to the Recommendation for Denial*
*of the Motion to Dismiss*

I have conducted, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and NECivR 72.3, a de novo review of those portions of the Order recommending that I grant the government's motion to strike the 2002 OCC report offered by Swan to

support his motion to dismiss[1] and that I deny the motion to dismiss.  Inasmuch as Judge Piester has fully, carefully, and correctly applied the law to the facts, I find that the Recommendation should be adopted, the 2002 OCC report should be stricken, and the motion to dismiss should be denied.

Swan does not argue that the indictment is facially invalid.  Rather, he asserts that I should consider the 2002 OCC report–evidence *outside* the indictment–and should dismiss the case against him because the 2002 OCC report establishes that the government has insufficient evidence to obtain a conviction on the indictment.  For the reasons set forth in Judge Piester's recommendation:  (1) since this court cannot consider evidence outside a facially valid indictment in resolving a pretrial motion to dismiss, the 2002 OCC report must be stricken and (2) since the defendant has not challenged the sufficiency of the allegations of the indictment itself, the motion to dismiss should be denied.

For the foregoing reasons,

IT IS ORDERED:

1.      The appeal of the portions of the Order denying the motion to compel production of specified exculpatory material and denying the motion for a bill of particulars (filing 54) is denied;

---

[1]The Order contains language *recommending* that evidence submitted in support of the motion to dismiss his evidence be stricken (filing 49 at 17) as well as language *granting* the motion to strike it (filing 49 at 1.)  Without ruling on whether the motion to strike this evidence is dispositive or nondispositive, I find that this evidence is properly stricken even under the de novo review applicable to recommendations on dispositive matters.

2.      The portions of the Order recommending denial of the pending motion to dismiss (filing 23) and grant of the government's motion to strike (filing 40) are adopted;

3.      Swan's objections to portions of the Order (filing 52) are denied;

4.      The motion to strike (filing 40) is granted; and

5.      The motion to dismiss (filing 23) is denied.

February 21, 2007                    BY THE COURT:

                                     *s/Richard G. Kopf*
                                     United States District Judge